IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Smith & Jones Janitorial Supplies and Equipment, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Ultra Chem USA, Inc.; Micro Chemical Manufacturing and Supplies USA, Inc.; John Shieh; and Chris Shieh, <br><br> Defendants. | C/A No. 3:13-cv-01486-JFA <br><br><br> **ORDER** |

This matter comes before the court on a motion to dismiss filed by John Shieh and Chris Shieh ("Defendants"). ECF No. 49. Specifically, Defendants seek to be dismissed from the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure because they allege that Smith & Jones Janitorial Supplies and Equipment, Inc., ("Plaintiff") has failed to state any claims against them upon which relief can be granted. *Id.* Plaintiff opposes the motion, and the court heard oral arguments on January 31, 2014.

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, a plaintiff must

1

assert claims that cross "the line from conceivable to plausible." *Id.* at 1950–51 (internal quotation omitted).

Here, Plaintiff has filed a 39-page complaint, alleging 12 causes of action. ECF No. 47. In this third amended complaint, Plaintiff sues Defendants with two corporate defendants, Ultra Chem USA, Inc., and Micro Chemical Manufacturing and Supplies USA, Inc., for: (1) negligence and gross negligence; (2) breach of contract accompanied by a fraudulent act; (3) fraud; (4) constructive fraud; (5) negligent misrepresentation; (6) slander of title; (7) violation of South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20; (8) breach of contract; (9) tortious interference with business relationships; (10) breach of express and implied warranty, S.C. Code Ann. §§ 36-2-313, 36-2-314; (11) quantum meruit/unjust enrichment; and (12) promissory estoppel. *Id.*

Although the complaint does not state expressly, and, at points, seems to mix up under what principle Defendants may be held liable individually, this court finds that it contains sufficient factual allegations at this juncture to overcome a challenge under Rule 12(b)(6). Accordingly, the court hereby denies Defendants' motion to dismiss.

IT IS SO ORDERED.

February 3, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

2